**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MARSTON BLANCH,
*on behalf of himself and others similarly situated*,

Plaintiff,

- against -

A&H SECURITY SERVICES, LLC and FELIX CABREJA,

Defendants.

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Jury Trial Demanded

Plaintiff MARSTON BLANCH ("Plaintiff"), individually and on behalf of all others similarly situated, upon personal knowledge as to himself, and upon information and belief as to other matters, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants A&H SECURITY SERVICES, LLC (hereinafter, "A&H Security" or "Corporate Defendant") and FELIX CABREJA, ("Individual Defendant" and together with Corporate Defendant, "Defendants") and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action on behalf of himself and similarly situated workers who elect to opt in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b), seeking from Defendants: (1) unpaid overtime wages, (2) liquidated damages, and (3) attorneys' fees and costs.

2. Plaintiff also brings this action on behalf of himself and similarly situated workers pursuant to the New York Labor Law ("NYLL") Article 6 §§ 190 *et seq*., and Article 19 §§ 650 *et seq*., the supporting New York State Department of Labor Regulations, and the Federal Rule of

Civil Procedure 23 ("Rule 23"), seeking from Defendants: (1) unpaid regular and overtime wages, (2) liquidated damages, (3) statutory penalties, and (4) attorneys' fees and costs.

3. Plaintiff further alleges, pursuant to the FLSA, 29 U.S.C. § 215(a)(3), that Defendants terminated his employment in retaliation for complaining of Defendants' unlawful wage practices, and seeks from Defendants: (1) economic damages for lost wages, (2) liquidated damages, (3) punitive damages, and (4) attorneys' fees and costs.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337.

5. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

6. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because the Corporate Defendant's principal place of business is located within the Southern District of New York.

**PARTIES**

***Plaintiff***

8. Plaintiff Marston Blanch is an adult who resides in Monroe County, Pennsylvania.

9. Plaintiff Marston Blanch is a covered employee within the meaning of the FLSA and NYLL.

10. Plaintiff Marston Blanch retained Brown, Kwon & Lam LLP to represent Plaintiff in this action and has agreed to pay the firm a reasonable fee for its services.

***<u>Defendants</u>***

***A&H Security Services, LLC***

11. A&H Security is a security company, which operates throughout New York State. It has offices located in New York City, Albany and Buffalo, and according to its website, has over 1,900 employees.

12. Corporate Defendant A&H Security Services, LLC is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business and address for service of process in the State of New York, located at 611 Jackson Avenue, Bronx, NY 10455.

13. At all relevant times, Defendants operated A&H Security through Corporate Defendant.

14. At all relevant times, Corporate Defendant A&H Security Services, LLC had an annual dollar volume of sales in excess of $500,000.

15. At all relevant times, Defendants' employees regularly used, handled, and worked with goods, materials, and instrumentalities that moved in interstate commerce, including phones, radios, computers, uniforms, security equipment, vehicles, payroll systems, and other equipment and supplies used in Defendants' security operations. Defendants also used interstate communications, electronic payroll systems, banking systems, and credit/debit payment systems in operating their business.

16. Corporate Defendant A&H Security Services, LLC is a covered "employer" within the meaning of the FLSA and NYLL.

17. Corporate Defendant A&H Security Services, LLC employed Plaintiff and similarly situated employees.

18. At all relevant times, Corporate Defendant A&H Security Services, LLC maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

19. At all relevant times, Corporate Defendant A&H Security Services, LLC applied the same employment policies, practices, and procedures to all non-exempt employees.

***Felix Cabreja***

20. At all relevant times, Individual Defendant Felix Cabreja was the owner and principal of A&H Security.

21. Individual Defendant Felix Cabreja is a covered "employer" within the meaning of the FLSA and NYLL.

22. Individual Defendant Felix Cabreja employed Plaintiff and similarly situated employees.

23. At all relevant times, Individual Defendant Felix Cabreja had authority over personnel or payroll decisions and employment policies, practices, and procedures at A&H Security.

24. At all relevant times, Individual Defendant Felix Cabreja had the power to hire, fire, promote or discipline Plaintiff and similarly situated employees, and control the terms and conditions of their employment at A&H Security, including their work assignments, work schedules, pay and responsibilities.

25. At all relevant times, Individual Defendant Felix Cabreja had the power to hire, fire, promote, discipline, supervise, and control the employment terms and conditions of the managers and/or supervisors of Plaintiff and similarly situated employees at A&H Security.

26. At all relevant times, Individual Defendant Felix Cabreja had the power to prevent or stop any unlawful practices that harmed Plaintiff and similarly situated employees at A&H Security.

27. At all relevant times, Individual Defendant Felix Cabreja had the power to maintain employment records, including time and/or wage records of employees at A&H Security.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

28. Plaintiff brings the First Cause of Action, the FLSA claims, on behalf of himself and all similarly situated current and former non-exempt, hourly employees employed by A&H Security, from the date that is three (3) years prior to the filing of this Class and Collective Action Complaint until the date of final judgment in this matter, and who elect to opt-in to this action ("FLSA Collective Members").

29. At all relevant times, Plaintiff and FLSA Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' common policies, practices, procedures and patterns with regard to their compensation, including their willful and repeated failure to pay Plaintiff and FLSA Collective Members the full and proper overtime wages for hours worked in excess of forty (40) per workweek. Plaintiff's claims stated herein are essentially the same as those of the other FLSA Collective Members.

30. All of the work that Plaintiff and FLSA Collective Members have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiffs and FLSA Collective Members have performed.

31. Defendants are aware or should have been aware that federal law required them to pay employees overtime wages equal to one and a half times their regular hourly rate for all of the hours they work in excess of forty per week.

32. For purposes of notice and other purposes related to this collective action, the names and contact information of FLSA Collective Members are readily available from Defendants' records.

**NEW YORK CLASS ACTION ALLEGATIONS**

33. Plaintiff brings the Second Cause of Action, the NYLL claims, pursuant to Rule 23, on behalf of himself and a class of persons consisting of all current and former non-exempt, hourly employees employed by A&H Security, from the date that is six (6) years prior to the filing of this Class and Collective Action Complaint until the date of final judgment in this matter (the "Class" or "Class Members").

34. Excluded from the Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; and all persons who will submit timely and otherwise proper requests for exclusion from the Class.

35. The members of the Class are readily ascertainable. The number and identity of the Class Members are determinable from Defendants' payroll and personnel records. The hours assigned and worked, the positions held, and the rates of pay for each Class Member are also determinable from Defendants' records. For the purpose of notice and other purposes related to this class action, their names and contact information are readily available from Defendants' records. Notice can be provided by means permissible under Rule 23.

36. The potential number of Class Members is so numerous that joinder of all members is impracticable, and the disposition of their claims through this class action will benefit both the parties and the Court. Although the precise number of Class Members is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

37. Plaintiff's claims are typical of those claims which could be alleged by any Class Member, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions.

38. Plaintiff and Class Members were subject to the same practices of Defendants, as alleged herein, of failing to pay overtime premiums by paying employees at their straight time rate for hours worked in excess of forty (40) per week in violation of the NYLL. Plaintiff and Class Members were subject to the same practices of Defendants, as alleged herein, of failing to pay overtime wages, in violation of the NYLL.

39. Plaintiff and Class Members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member.

40. Plaintiff and Class Members have all sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures under the NYLL.

41. Plaintiff is able and willing to fairly and adequately protect the interests of Class Members, and has no interests antagonistic to Class Members.

42. Plaintiff is represented by attorneys who are competent, skilled, and experienced in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

43. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by each individual Class Member are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for each Class Member to redress the wrongs done to them.

44. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of judicial and public resources; however, treating the claims as a class action would result in a significant saving of these costs. If appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

45. The prosecution of separate actions by individual Class Members would create a risk of inconsistent and/or varying adjudications with respect to each Class Member, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof.

46. Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

47. Common questions of law and fact exist as to Class Members that predominate over any questions only affecting Plaintiff and individual Class Members and include, but are not limited to, the following:

a. Whether Defendants employed Plaintiff and Class Members within the meaning of the NYLL;

b. Whether Defendants failed to pay overtime wages to Plaintiff and Class Members and instead paid them at their straight time rate for hours worked in excess of forty hours per week.

## STATEMENT OF FACTS

### *Unpaid Overtime Wages*
### *(Plaintiff, FLSA Collective Members and Class Members)*

48. Plaintiff Marston Blanch was initially hired by Defendants as an armed security guard and "security manager" on or around November 3, 2023 until his termination on or around March 31, 2024.

49. As a Security Manager, Plaintiff's duties included providing security watches, assisting and resolving disputes involving A&H Security personnel at various migrant shelter locations in the capital region, and acting as a liaison with local police. Plaintiff never had the authority to hire or fire A&H security personnel, nor did he ever make recommendations regarding hiring or firing decisions. Plaintiff also did not make scheduling decisions, or decisions regarding employees' compensation, hours, or terms and conditions of employment.

50. Throughout his employment, Plaintiff was based in the Ramada Hotel located at 3 Watervliet Avenue, Albany, New York 12206 and the Super 8 Hotel located at 3083 Carman Rd., Schenectady, New York 12303. Plaintiff was also required to report to other migrant shelter hotels within the Albany area employing A&H Security personnel as part of his responsibilities assisting with resolving issues or disputes.

51. Each of the hotel locations in which Plaintiff provided security or assisted other A&H Security personnel were migrant shelters. Upon information and belief, Defendants entered into various contracts with the State of New York, as well as other local governments and quasi-government agencies to provide security services at migrant shelter hotels.

52. Throughout his employment, Plaintiff was paid $35.00 per hour.

53. Throughout his employment, Plaintiff worked six days per week from 8:00 a.m. until 11:00 p.m. Plaintiff was also frequently required to work beyond 11:00 p.m. when resolving issues or disputes at other migrant shelter locations. Plaintiff thus worked at least ninety (90) hours per week.

54. Despite the very long hours, Defendants failed to pay Plaintiff overtime premiums equal to one and a half times his regular rate of pay. Rather, at all relevant times, Defendants paid Plaintiff at his straight hourly rate for all hours worked.

55. Based on Plaintiff's observations and conversations with his co-workers at A&H, Plaintiff, FLSA Collective Members and Class Members were subject to the same unlawful wage and hour policies and practices.

56. Thus, Defendants knowingly and willfully operated their business with a policy of failing to pay all due overtime wages to Plaintiff, FLSA Collective Members and Class Members in violation of the FLSA and NYLL.

57. Defendants knowingly and willfully operated their business with a policy of not providing accurate wage notices to Plaintiff pursuant to the requirements of the NYLL.

58. Defendants knowingly and willfully operated their business with a policy of not providing accurate wage statements to Plaintiff pursuant to the requirements of the NYLL.

59. Plaintiff suffered a concrete and particularized injury as a result of Defendants' failure to provide accurate wage notices and wage statements. Defendants' deficient wage notices and wage statements injured Plaintiff by preventing him from determining the precise overtime rate Defendants were required to pay, the number of overtime hours Defendants recorded, and the amount of overtime compensation owed. As a result, Plaintiff was impaired in his ability to verify, document, and timely recover his unpaid wages.

60. Defendants' violations were willful because Plaintiff repeatedly complained to Defendants' owner and management that he was working well over forty hours per week without overtime compensation, Defendants acknowledged the overtime issue, and Defendants nevertheless continued paying Plaintiff and similarly situated employees straight time for overtime hours.

***Retaliation – Plaintiff Only***

61. Plaintiff was an exemplary employee during his employment with Defendants; however, he was unceremoniously terminated in retaliation for his protected complaints regarding Defendants' failure to pay overtime premiums.

62. Plaintiff began complaining about unpaid overtime shortly after receiving his first paycheck. Plaintiff complained over the phone to Felix Cabreja about the very long hours and lack of overtime. Cabreja responded that he was unable to pay him overtime, and that he does not like it when employees complain about money. After a few months, Cabreja told Plaintiff that as

far as he was concerned the issue was settled, and that going forward he, as well as other employees, should direct their complaints to the Vice President of A&H.

63. Plaintiff did make multiple complaints to the Vice President of A&H regarding unpaid overtime. A week prior to his termination, the Vice President of A&H responded to Plaintiff that he would speak with the company's lawyers and get back to him the following week. Instead, one week later, Plaintiff was informed that his employment was being terminated.

64. Other employees who had complained about unpaid overtime were similarly terminated around the same time period.

65. Plaintiff was thus terminated in direct retaliation for his complaints regarding Defendants' unlawful wage and hour policies and practices.

66. As a result of Defendants' retaliatory conduct, Plaintiff has suffered, and continues to suffer lost income as well as severe emotional distress and mental anguish, including, but not limited to, grief, shame, humiliation, stress, anxiety, loss of self-esteem and self-confidence.

67. Defendants' retaliation was willful as Plaintiff repeatedly complained to Defendants, including Felix Cabreja and Defendants' Vice President, that he was working well over forty hours per week without overtime compensation. Defendants understood that Plaintiff was asserting rights protected by the FLSA, acknowledged the overtime issue, refused to pay overtime, and then terminated Plaintiff shortly after he continued objecting to Defendants' unlawful pay practices. Defendants therefore knew, or acted with reckless disregard as to whether, their conduct violated the FLSA.

## STATEMENT OF CLAIMS

### FIRST CAUSE OF ACTION
***Violations of the Fair Labor Standards Act***
***(Plaintiff and FLSA Collective Members)***

68. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

69. The minimum wage and overtime provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*., and the supporting federal regulations, apply to Defendants and protect Plaintiff and FLSA Collective Members.

70. Defendants failed to pay Plaintiff and FLSA Collective Members the full and proper overtime wages for all hours worked in excess of forty (40) per workweek, in violation of the FLSA.

71. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Members of their rights under the FLSA.

72. Defendants' unlawful conduct has been willful and intentional. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Members the lawful overtime wages for all hours worked when Defendants knew or should have known such was due. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and FLSA Collective Members.

73. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to the FLSA.

74. As a result of Defendants' willful violations of the FLSA, Plaintiff and FLSA Collective Members have suffered damages by being denied all due overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts,

liquidated damages, attorneys' fees and costs, interest, and other compensation pursuant to the FLSA.

75. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Members and the actual compensation paid to Plaintiff and FLSA Collective Members should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

**SECOND CAUSE OF ACTION**
***Violations of the New York Labor Law***
***(Plaintiff and the Class)***

76. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

77. At all times relevant, Plaintiff and the Class have been employees of Defendants, and Defendants have been employers of Plaintiff and the Class within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

78. Defendants failed to pay overtime wages to Plaintiff and Class Members in violation of the NYLL.

79. Defendants failed to properly disclose or apprise Plaintiff of his rights under the NYLL and the supporting New York State Department of Labor Regulations.

80. Defendants failed to furnish Plaintiff with proper wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day; the name of the employer; any "doing business as" names used by the employer; the physical address of the

employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.

81. Defendants failed to furnish Plaintiff with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

82. As a result of Defendants' willful violations of the NYLL, Plaintiff and the Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs, interests, and other compensation in accordance with the NYLL.

**THIRD CAUSE OF ACTION**
***Retaliation in Violation of the Fair Labor Standards Act***
***(Plaintiff Only)***

83. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

84. Plaintiff is an employee and a protected person within the meaning of the FLSA and Defendants are covered employers under the FLSA.

85. The FLSA prohibits employers from discharging, penalizing, or in any manner discriminating or retaliating against an employee for making a verbal or written complaint regarding possible wage-and-hour violations under the FLSA. 29 U.S.C. § 215(a)(3).

86. Defendants unlawfully retaliated against Plaintiff on the basis of his protected activities under the FLSA by terminating his employment shortly after he made a number of internal complaints regarding unpaid overtime wages.

87. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the FLSA, Plaintiff has suffered, and continues to suffer, economic harm for which he is entitled to an award of monetary damages and other relief.

88. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the FLSA, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, as well as emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

89. At all relevant times, Defendants' unlawful discriminatory conduct was knowing, malicious, willful, and/or in reckless disregard of Plaintiff's protected rights under the FLSA, for which he is entitled to an award of punitive damages.

90. Due to Defendants' violation of the FLSA, namely, retaliation against Plaintiff for engaging in protected activities, Plaintiff is entitled to recover from Defendants: (1) economic damages for lost wages; (2) damages for emotional distress, (3) liquidated damages, (4) punitive damages, and (5) attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Members and the Class, respectfully requests that this Court grant the following relief:

a. Issuance of court-authorized notice to similarly situated employees regarding the pendency of a collective action pursuant to the FLSA;

b. Certification of this case as a class action pursuant to Rule 23;

c. Designation of Plaintiff as a representative of the Class and counsel of record as Class Counsel;

d. An award of unpaid overtime wages due under the FLSA and NYLL;

e. An award of damages against Defendants, in an amount to be determined at trial, to compensate Plaintiff for all monetary and/or economic damages, including loss of past and future income, compensation and benefits;

f. An award of damages against Defendants, in an amount to be determined at trial, to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for his mental anguish and emotional distress;

g. An award of punitive damages against Defendants for violation of Plaintiff's rights, in an amount to be determined at trial;

h. Pre-judgment and post-judgment interest;

i. Reasonable attorneys' fees and costs of this action;

j. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

k. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein; and

l. Such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: June 1, 2026

Respectfully submitted,

**BROWN, KWON & LAM LLP**

By: *_/s/ William Brown_*

William Brown, Esq.
521 Fifth Avenue, 17th Floor
New York, NY 10175
Tel.: (212) 295-5828
Fax: (718) 795-1642
wbrown@bkllawyers.com
*Attorneys for Plaintiff*

**CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT**

I, MARSTON BLANCH, hereby consent to be a party plaintiff pursuant to 29 U.S.C. § 216(b), in an action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, against A&H SECURITY SERVICES. LLC and FELIX CABREJA, and/or related entities and individuals to recover unpaid minimum and overtime wages, liquidated damages, and other damages and relief available under the Fair Labor Standards Act.

Signed by:

607E21D9914A415...

MARSTON BLANCH

Date: 4/21/2026